We want to welcome everybody today to this calendar session of the 11th Circuit Court of Appeals, sitting in Jacksonville. I want to make two brief statements before we get to our first case. The first is, Judge Legault and I just want to say how honored and much of a pleasure it is that we get to sit this week with our colleague, Judge Joe Flatt, especially getting to do so in the Judge Joe Flatt courtroom. I can't think of a greater honor than that. The second thing is, I'm only repeating what I heard many, many older colleagues say over the years, but I think it's good advice. We have our traffic light system, green means go, yellow means we're getting to the end, and red means it's time to stop. Those signals are not aspirational, meaning when you see a red light, that means stop. So just as long as we abide by that, we're going to do fine. We're calling our first case today. It's a consolidated case of the Pestano Place at Naples Condominium Associations, 1-4, versus Empire Indemnity. We'll hear from counsel for the appellant. Good morning. Thank you, Your Honor. I'm Pablo Caceres. I represent the appellant, Empire Indemnity Insurance Company. The issue for your determination today in this consolidated appeal, and as well as the other appeals that we have this morning, centers around the issue of whether the district court was correct to compel Empire to perform a specific contractual obligation, that is, to engage in an insurance appraisal. We talk about jurisdiction first before we get to the merits. I know we're going to have a lot of time together today. We're going to talk about the merits, I'm sure, but I think there's a very significant jurisdictional issue that exists in all of these cases, and I think, I highly suspect is probably the reason why you're here for oral argument today. So let's talk about that first. Yes, Your Honor. You read my mind. That was my lead-in to the next point. Because there is a jurisdictional issue that overlaps in large part with the merits, it would be appropriate to start off with some discussion of the jurisdictional question. We believe that certainly under 28 U.S.C. 1292A1, that this appeal, this court has subject matter jurisdiction over this appeal because, fundamentally, the district court's order was an order granting injunctive relief. Okay. So what is the language of 1292A1 that you're referring to refers to an injunction? What have we said are the elements of an injunction under 1292A1? Well, there's, this court has talked about injunctive relief in terms of looking to its equitable powers, and the injunctive relief here is specific performance. So the specific performance is really the nature of it. So I've read as many cases as I can interpreting this provision, and what I, what seems to me is there's two elements involved. The first is, what you're talking about is, does it compel someone to do something? That's the essence of an injunction, right? Yes, yes. That's a mandatory injunction. Okay. And let's assume for the moment that I agree with you that this meets that, it has at least the practical effect, that's the word that's often used, the practical effect of compelling one party to do something they otherwise do not want to do. But we also said that that's not enough, that there's some other element that's part of this. You agree with me? There has been some case law talking about direct or irreparable impact, if that's what you're referring to? Certainly irreparable impact, but I've heard it, I've seen it phrased in different ways. So in, you know, Gulfstream is sort of the last real word from the Supreme Court on this, at least that I can tell. And so post-Gulfstream, we've seemed to have said that it requires some sort of irreparable-like harm. I think the way that we termed it in administrative management was, quote, that it have serious and perhaps irreparable consequences, quote, if relief may be obtained upon review after trial, the parties are not considered to have suffered irreparable consequences. You agree with me that we've said that in administrative management? Your Honor, I think the, certainly the text says, as you have said, there have been different ways of putting it. I've seen the phrase direct or irreparable impact. So that, I don't disagree with you that that is one way that we have phrased this, and I don't know that it's inconsistent with what I've said in the Army Corps of Engineers case, which came far, far later than the post-Gulfstream cases that I'm talking about. But in Feldspar and administrative management, we seem to suggest that it requires some sort of, again, serious, perhaps irreparable consequences, akin to what we've said is not being able or suffering irreparable consequences to the extent that you cannot get relief after trial. Do you agree with me that that is the test? I think, I agree that there is a test that ultimately bears on irreparable consequences or impact. I haven't seen harm, which is a different issue. We'll go with consequences. And it also has direct consequences, not necessarily irreparable. So we're looking at the disjunctive. So let's, again, you're quoting from the Army Corps of Engineers case. And to the extent there's any conflict, we have to go with the first in time, at least as interpreting the Florida, the U.S. Supreme Court's decision in Gulfstream, unless there's some sort of change in law intervening that. So. Your Honor, the issue, if I recall correctly, the Gulfstream case, and I, if I recall correctly, it involved 1291 as well as 1292, I think. That's right. And I think there was obviously a focus on 1291. When you look at the 1292 discussion, I think it's not quite in the same context, but I may, my memory. Let's assume that we have gotten it wrong. Still, our case law, as I have articulated it, seems to suggest that it requires serious, perhaps irreparable consequences to the extent that you're suffering irreparable consequences that you can't review after trial. Let's assume for the moment that that is the test. Let's assume that that is. You agree with me that you have a problem if that's the test, right? No, I don't, Your Honor. Tell me why. Because, and again, serious or. Not or. Listen to what I'm saying. If the test is, quote, not only requires that an order have the practical effect of an injunction, but also that it have serious, perhaps irreparable consequences. And quote, if relief may be obtained upon review after trial, the parties are not considered to have suffered irreparable consequences. If that is the test, you have a problem, correct? I don't think so, because there are other elements of this injunctive, which what we believe to be injunctive order that could be problematic. For example, if the appraisers come in one of these cases, they don't have any requirement to even break down their amounts. And if that happens, and we've also heard, for example, that a lot of appraisal panels just disregard their, throw away their files. So if we cannot scrutinize what they did, and there is no breakdown, then there is not going to be any way for us to, without any proper guidance given by the court, there's not going to be any way to scrutinize what they did. Did you appeal that? I mean, isn't that simple? They didn't comply with their requirements. They didn't break it down as required by the contract. They didn't, they threw away their files, and there's no basis in which to support the award. I mean, that's an appealable issue, is it not? It may be, depending on the nature of what they do. But again, I think that the test, Your Honor, and I appreciate the discussion on serious or perhaps irreparable. Well, not or, you just threw in the or. I think you said, and perhaps, perhaps consequences, I think is a bit different than the test that I saw in the Army Corps of Engineers, direct or irreparable, not harm, but impact. And it certainly has a direct impact. And it certainly, in using the or, I'm obviously not saying that it's irreparable, it just says direct. So ultimately, it does have a direct impact because it's adjudicating. Those are not inconsistent. In other words, if our case law had said, in one hand, there has to be serious, perhaps irreparable consequences, and then also said that there has to be a direct consequence, those are not inconsistent with each other. Those are just additional requirements, right? I don't know that they're inconsistent. I think it certainly means that if the court had wanted to say the same, put the same standard as we have for, you know, other contexts for injunctive relief, like irreparable harm, irreparable injury, it didn't go that far. All it said was, at least in the Army case, direct or irreparable impact. I have a question. Wouldn't it make sense that it would include some sort of irreparable or serious consequence or harm? Because that's a requirement under Rule 65, as you hammer away in the merits part of our discussion. In other words, if to get an injunction, it requires this sort of thing, then wouldn't injunctive relief that is entitled to appeal have to have that thing in order to be appealable? I'm not sure that's correct, Your Honor. They would seem to dovetail pretty closely together, wouldn't they? Well, there's been a difference. This court in equity has always had a real distinction between compelling action, compelling a party to take action, versus maintaining the status quo. Sure, a mandatory injunction versus a negative injunction. And the mandatory injunction has a higher standard. So you would think that in order to... But to get it, my point is to get it, the elements of an injunction require irreparable harm, do they not? Especially preliminary injunction. Well, for the party seeking it, yes. So I guess my question is, it would not surprise us that a test to see whether something is appealable would have as an element that there be some sort of irreparable harm, since the whole point of an injunction is that there be irreparable harm. Your Honor, if there was a test that said irreparable harm in that manner... Irreparable consequence. We're talking about irreparable consequence, or again, I'm referring to the Army case, which the court said direct or... No, but counsel, we have 10 cases stretching before Gulfstream, after Gulfstream, all the way to the Army Corps of Engineers case, and a pretty good concurring opinion from our chief judge laying out a lot of different conversations on this. We can't just myopically focus on one test, or one case, because that has the test that you like, or the articulation of the test you like. I think we're trying... I think what the courts are doing is they're characterizing a certain idea that it's somewhere below irreparable harm, irreparable injury, otherwise the court would have said it. What it's saying is, look, there's got to be something materially impacting whatever you're trying to avoid doing. And here, if the appraisal panel essentially determines the amount, and we're talking here collectively over $7 million, that's a serious... That's a direct consequence. That is a very direct consequence. Which you can get relief, though. In other words, what I understand this to be is the final judgment rule, or the final order rule, is the general rule, the presumptive rule, and really should apply everywhere, and Congress carved out some very, very narrow... They say these are very narrow exceptions. What I don't understand is, if you can get the relief on direct appeal, then how could this possibly fall within the very narrow exception? I think there is, again, a purposeful carve-out for these kinds of injunctive... These kinds of orders. And once you add in the element of compelling the party to take action, that's where I think the test has to be direct or irreparable impact. And if it was just maintaining the status quo, different issue. But the courts and federal law of equity have always looked at mandatory type of injunctions with very special care. So respectfully, I would say that we should be looking at the direct or irreparable impact, the test that this court laid out in the Army Court of Engineers. But I can see that there are variations of sort of what we're talking about. You have your three minutes, Counselor. Thank you. Good morning, and may it please the Court. I'm Mark Boyle with the firm of Boyle, Leonard & Anderson, and I represent the Positano Associations in this consolidated oral argument. My clients purchased and dutifully paid for a policy of insurance entirely drafted by Empire, which contains an alternative dispute resolution mechanism in the form of an appraisal provision. Under Florida law... Counsel, if we use the Army Court of Engineers test, the direct or irreparable impact on the merits of the controversy, which is how I understand the test to be, isn't your opposing counsel correct? Isn't there a direct impact on the controversy, at least with regard to the determination of one, amount of loss, and two, regarding causation? The question of whether the appraisers determine causation is complicated. I think it's better stated for the purpose of this appeal that the... We know under Florida law that an appraiser can determine causation. They certainly can determine scope and amount when coverage is not objected to. Perhaps in some circumstances where there's a coverage objection, causation might be for the court. So that's the only point I'm making. The answer to that is no, because of the plenary appeal right that they have after that. That goes to irreparability, not to direct. In other words, there's a direct finding by the appraiser that the district court has to accept. Now, there are other things that have to be litigated. There's no doubt about it. It's not a... Perhaps. It's not a final judgment. That's correct. But the district court has to accept those things. Those are done for purposes of the trial. Yeah. Yes, Your Honor. Right. But to frame that as an irreparable harm... But isn't it a direct impact? It is, but it's an impact called for by the contract that they drafted. That's besides the point. I mean, yes, without a doubt. But if it has a direct impact and it is the practical effect of an injunction, then it seems to me that it would fall within the Alabama versus U.S. Army Corps of Engineers test if that is the governing test. I think the court's questions to opposing counsel lay bare the difficulty with that argument, which is there's nothing that happens in that process that isn't the subject to the plenary review. Counsel's musings about whether there'll be notes and you'll be able to figure out the appraisal process, that's an artifact of how they drafted this contract. There's nothing in the contract that requires some level of specificity or organization or says we're going to do this pursuant to the American Arbitration Association rules or the JAMS rules. Do you have any indication in our case law, and point me to anything, which would indicate that we should not follow the Alabama versus U.S. Corps of Engineers test for determining whether something is an injunction under 1292A1? No, the court's plowing some pretty new ground here. I'm sure the court's recognized there's been three circuit court federal level treatments of this issue and they're not particularly on point. No, there's nothing in this circuit that we would say completely if the court agrees with that view that defies the Alabama case. I have some issues on the merits for you guys, so getting past the jurisdictional issue. Now, let's talk about, I'll look at the Positano 1 case because it's representative to me. So I'm looking at the amended complaint there. This is docket entry 27. There are three counts alleged. There's a specific performance count. I think it's very odd to allege that. Specific performance is a remedy for a breach of contract. It's odd to me to allege it as a separate cause of action, but okay. And the basis of that, as I understand it, is we want you to specifically perform your contractual obligation to appraise. We asked for it. We asked for it again. We're demanding it now, and we want you to order us to sit down and do appraise. Breach of contract is you breached your contract to do a couple things. One is to engage in the appraisal, and we were damaged as a result of that. And two, to not pay us what we're entitled to. And then three, a declaratory judgment seeking a declaration that there's a failure to appraise or go through the appraisal process, and that we're covered and you failed to pay us. Is that a fair discussion of the complaint? That was the original complaint, Your Honor, and those redundant systems were there based on the arguments that were here about today. We knew these arguments were being made by our opponents, as I'm sure the courts are aware of. There are six of these matters here today. So we had a little flavor for what was coming up, and we tried to cover all our bases. I understand. Belted suspenders. That's correct. I get it. So my question to you is, given that you agree with me that that's a fair representation of your complaint, how is it not, either for Rule 56 purposes or Rule 65 purposes, a discussion of the merits and the remedy that you are seeking to get either a summary judgment for the thing that you're seeking or an injunction requiring what you are seeking? I think there's three answers to that question. One is under the Erie Doctrine, this is a substantive issue, it seems to us. I understand it's wound up in a procedural issue because we're here in federal court. I'm going to get there, and I promise I'll get there. Go ahead, I'm sorry, Your Honor. How is it possible that a Rule 65 or Rule 56, I mean, let's take Rule 56, summary judgment. For years, as you know, the rule was very different in state court as it was in federal court. And yet, in every case in federal court, we apply the Rule 56 standard. And the same thing would be true of any injunction. You'd have to go through, if Florida, for example, tomorrow eliminated its requirement for irreparable harm for injunctions, wouldn't we apply federal law if the case was in federal court for someone seeking injunctive relief? Yes, as to that procedural issue. But the fact that the Florida courts have never required either of those elements to support an order requiring appraisal tells us that they weren't required in the first place. Isn't that the procedural mechanism for getting the appraisal? That's different from whether you're entitled to appraisal under the substance. The procedure for getting yourself there is governed by procedural law, is it not? It is, but the question of its entitlement, it seems to me, is substantive. And the fact that that hasn't been a requirement in Florida tells us a lot. Let me go on. I think the easiest one is the summary judgment one. Assuming, arguendo, that Rule 56 applied to this dispute, every element of Rule 56 is met. Rule 56 applies. That's their argument. It's not our position. I can't understand it. We couldn't either, and neither could the district court. These are bench trial matters. They're not summary judgment matters. Yeah, in state court, and I'm lucky enough . . . In summary judgment, one side's going to appeal because of the fact that you . . . That's correct. The easiest way to do them is to have a bench hearing, I'll put it that way. And in state court, where I am lucky enough to have all Florida judges on my panel, that's how this is handled. We have a hearing in state court. Sometimes it's evidentiary if there's some dispute about whether you've complied with the conditions precedent. The court makes a determination whether you're, quote, in substantial compliance with your policy obligations. And if that's true, and all the other elements are present to support an appraisal, there's a dispute about the amount of loss, the policy's in effect, then you . . . It's a procedural mechanism to get your substantive right. No one's disputing your substantive right. What we're talking about is the procedural mechanism to get there. And even if summary judgment isn't the appropriate mechanism, how is a straight motion to compel . . . I mean, where in the rule do I look for that? Courts have jurisdictional power. What the district court held in this case, the court has jurisdictional . . . I'm not talking about jurisdiction. The court can do whatever it wants within the thresholds of the limits. The question is, what's the procedural mechanism for them to do it? In a motion to compel discovery, for example, that's within the rules. It's within rules 26 through 36 of the discovery requirements. And it allows out there. Where do I find this? The court's inherent power to manage its docket. And I didn't get to finish the answer to the summary judgment question. All the elements of summary judgment would be present. I heard Judge Joe Flatt report to where our position is. We don't have to meet those elements. There's no material dispute of fact about anything in this case that would have entitled us to an appraisal. There's no dispute about whether we complied with our conditions preceding. There's a contract that's in effect. We paid our premiums. It has an appraisal provision. There's a dispute over the amount and scope of loss. After that, we're entitled to go to appraisal. So if summary judgment was required, we would be entitled to it. Well, what does summary judgment look like? I'm serious. The court already knows. I don't think we need one. Technically, I can't figure that out. It would be a partial summary judgment that we're entitled to an appraisal right. I'll speak for myself now. I come to this kind of an issue as a pure injunction before a district court. One side wants an injunctive order enforceable by the court's contempt power and a narrowly tailored order which can be obeyed and enforced by the contempt power, for example. So you have a hearing and determine whether or not the elements would give rise to the injunction or present. That's a judgment or termination. Sometimes you take evidence. Sometimes your argument is it's all by contract. That's correct. But the parties admit the contract. It's not in dispute? No, no. They admit there is a contract. I agree. It's not in dispute that there is a contract of insurance between the parties. I see another problem with the injunction analogy to finalize our answer. The court said we're entitled to go to appraisal. They don't have to go. It's up to them. Right now, they're not going. The court stayed the proceeding. This is another reason why I don't think it's injunctive in character. The promise that we had to go to . . . Absent the stay, if they don't go, they can be held in contempt, correct? Absent the stay, the appraisal will go on without them and they'll be . . . If they don't show up, they can be held in contempt. Are they not? There's nothing in the court's order ordering us to appraisal that says that. District court orders don't have, and if you don't follow, you're going to be held in contempt in every single one of its orders. I actually don't think they have to show up. If they don't and we can't agree on an umpire, the court will apport one and then our appraiser and the umpire will . . . The judge can order it. Could the judge order it? We're not here on appeal about that. I just don't see how that's not the classic definition of having the practical effect of injunctive relief. I hear the court's concern in this respect. I'll tell you I'm of two minds about this case, which is I have my duty of candidate of the tribunal which requires me to tell the court I don't think there's jurisdiction in this case. I'm frankly . . . my clients are better off because we think we should win on the merits, which we haven't gotten to too much yet. We're better off if the court says, yes, there's jurisdiction and orders them to appraisal because that issue will be resolved for the purpose of any later litigation. Counsel, we're talking about the merits. I'm beyond jurisdiction. The merits issue here, or at least the biggest issue, is whether Rule 65 and or Rule 56 apply to what you were trying to do. That's the merits issue here. If it doesn't apply, then a motion to compel is all you need, like in Florida State Court, and you probably win. If it does apply, then you probably lose, right? No, we don't agree with that. I'll tell you why that is. Okay. If Rule 56 applies, how did this order comply with Rule . . . sorry, 65? How did this order comply? I want to talk about the practical effect of their arguments because it answers this question. If they're right, I'm sure the court's seen in the papers, on the one hand they've said we have to do this through Rule 65, but in the cases where we did plead it through Rule 65, they said we can never meet the elements because there's no irreparable injury. Effectively, if they're right, there is no mechanism by which to enforce this contractual promise in federal court. Yes, there is a trial or a bench trial with an order requiring you to do it, and if at the end of that, whether through Rule 65 or on the merits, there's an incorrect determination, a plenary appeal. Isn't that exactly how this is done? Again, it's done by . . . to just file a motion to compel, have a . . . hey, we're entitled to it. Here's what happened. No, you're not entitled to it. Here's an order. Go do it. I get that's what's happening in state court, but it's not that you're not . . . you can't get the remedy. You just don't want to go through the procedural loops to get there, and I understand that. The argument that Judge Choflat and you have put forward about this mini trial in front of the judge, I see a couple of problems with it. One, that's not their position on this appeal. They've never said that's the vessel. So they shouldn't get the benefit of that argument even if the court determines that should be the way this is handled. And two, I promise you if you ask counsel this question, he's going to tell you he has a jury trial right on that issue. So the functional ability to enforce these mechanisms would become useless if that were true. The entire purpose of these appraisal provisions to bring swift relief to the litigants regarding the amount of loss, and it creates an . . . I'm sorry. Counsel, that's true of any breach of contract. In other words, if you file a claim that you're clearly entitled to and they say, we're just not going to pay, yes, the whole premise of having the contract and going through it is a swift payment of claims that you are That's why you go to court and that's why you have a trial and that's why you get a judgment that's enforceable, right? That's part of the reason. So you have a contractual right that you're saying they're not complying with and so you've gone to court and don't you have to do the same thing that any other litigant would have to do? Yes, but my final argument about all that would be it's harmless in this case. We're entitled to this relief even if the vessel was imperfect. My last point, I've got 20 seconds, there would be . . . for the Federal Arbitration Act to state that those matters can be appealed interlocutorily. They would always have been able to be appealed under 28 U.S.C. 1292. Except that isn't appraisal not arbitration under Florida law? It is, but it wouldn't change the other fact and I'm out of time. I apologize. I know we'll have some more. Mm-hmm. Your Honor, let me address quickly Judge Schoflat's point. The point here is that there was a summary adjudication of breach of contract which underlies the remedy. I understand that. Right. I'm looking at it as an old district judge from a long time ago. Okay, so, however, there could be . . . It is a coercive order. Right. And so, yeah. If it's a coercive order and under Rule 65, it's got to be pretty detailed, as narrow as possible to accomplish the objective, right? That's right. And the court takes evidence on those issues. On the remedy, it should . . . How are you going to frame the Rule 65 coercive order? Whether you call it an injunction or not, it's a coercive order . . . Right. . . . enforced by the contempt power, do you agree? It could be, yes. Well, then it's not worth issuing in my judgment. No, it definitely is. I've qualified it unnecessarily, but it is enforceable by contempt. It's like a go-work-it-out problem if it's not enforceable by the power. Right, right, right. That's exactly right. And ultimately, what happened here is . . . And just like, for example, if there was a clear breach of contract, and then the only remedy was injunctive relief, the actual breach of contract could be the subject of a summary judgment motion. In fact, in Creekside . . . Go ahead. You don't even have to have a summary judgment motion. Well, whatever it is . . . It's not a jury trial issue. It could be a jury trial issue. Well, if it's a jury trial issue, that's different. Right. Because I understand that it's not in this case. It may not be in this case, but somehow there's got to be . . . Counsel, it's not a jury trial issue that the court can decide it from the bench. I would . . . By taking evidence. I would say it could . . . In this argument of counsel. It could, or there could be a summary judgment if there's no disputed issue of fact. It just has to comply with the federal rules of civil procedure to adjudicate the breach. Counsel, you agree that at least with regard to a remedy of specific performance, and at least with regard to a declaratory judgment, that is . . . Those are not jury trial issues. Those are not jury trial issues. The remedy of specific performance, right. That's what Judge Joe Flatt's talking about. Right. Right. And there may be something on summary judgment on the breach, right? But . . . And we've got Judge Bartolomente initially believing that it should have been a motion for summary judgment. And we have cited case law both on the jurisdictional question, as well as the fact that we've got Southern District cases saying that it's a summary judgment issue, or you have to plead the breach of contract and the deck, that it's not like a discovery order. We cited some case law where a court really nicely discussed that precise issue. When has summary judgment been required in a bench matter? It may not be, but there was no bench trial here. Makes no sense at all.  Without summary judgment, I agree with you, Your Honor. Lawyers simply present to the judge the evidence that is involved in the case. Right. And remedy. That's right. And here . . . And that's a coercive remedy. Without a bench trial, the only other alternative would have been a summary judgment with evidence. Well, you could ask the court to have an evidentiary hearing. That would have been no problem. Or objected to the granting of the motion without one. We . . . That was a . . . That's a matter of management for the court. They filed the motion to order the appraisal. To compel appraisal, yes. Yeah. That's a coercive order. Counsel . . . As you could have said, we're going to have a heavy hearing. Counsel, we'll end here because we're going to go right into the next argument where these same issues will come right back up, okay? Thank you. All right. We'll bring up the next case, which is number 22-107-9.